**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**UNITED STATES OF AMERICA,**

**v.**                                         **Criminal No.: 2:14cr00163**

**Mostafa Ahmed Awwad,**

                    **Defendant.**

### POSITION OF THE DEFENDANT ON SENTENCING

COMES NOW the Defendant, Mostafa Ahmed Awwad, by counsel, in

accordance with Rule 32 of the Federal Rules of Criminal Procedure, Section 6A1.2 of

the Sentencing Guidelines and Policy Statements as well as this Court's Sentencing

Order, and hereby represents that the Defendant has reviewed the Probation Office's

Pre-Sentence Report and sets forth the following as his position on sentencing:

### OBJECTIONS TO THE PRE-SENTENCE REPORT

Mr. Awwad, through counsel, submits that there are no outstanding objections to

the Pre-Sentence Report.

### SECTION 3553 FACTORS

As the Supreme Court has long recognized, "it has been uniform and constant in

the federal judicial tradition for the sentencing judge to consider every convicted person

as an individual and every case as a unique study in the human failings that sometimes

mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United*

*States*, 518 U.S. 81, 113 (1996).  With the United States Sentencing Guidelines now

rendered "advisory only," *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007), a

1

district court has substantial discretion in fashioning a sentence appropriate to the individual circumstances of the defendant and the unique facts of the offense.  While the Court must consider the guideline range in a case, "the Guidelines are not the only consideration." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). See *Kimbrough*, 128 S. Ct. at 564 ("the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence").

Indeed, as mandated by Congress, the fundamental principle of sentencing is that a court "*shall impose a sentence sufficient, but not greater than necessary*" to meet specified sentencing goals, including the goal of just punishment.  18 U.S.C. § 3553.  In determining the minimally sufficient sentence, §3553 directs sentencing courts to consider the following factors:

     (1)    the nature and circumstances of the offense and the history and characteristics of Mr. Awwad;

     (2)    the need for the sentence imposed;

          (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

          (B)    to afford adequate deterrence to criminal conduct;

          (C)    to protect the public from further crimes of Mr. Awwad; and

          (D)    to provide Mr. Awwad with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

     (3)    the kinds of sentences available;

(4)     the kinds of sentences and the sentencing range established for [the offense];

(5)     any pertinent policy issued by the Sentencing Commission;

(6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)     the need to provide restitution to any victims of the offense.

18 U.S.C. Section 3553.

In addition, a district court "may not presume that the Guidelines range is reasonable," and instead "must make an individualized assessment based on the facts presented." *Gall*, 128 S. Ct. at 597. Moreover, the Supreme Court has specifically ruled that, in balancing the §3553(a) factors, a judge may determine that, "in the particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing." *Kimbrough*, 128 S. Ct. at 564. *See Rita v. United States*, 127 S. Ct. 2456, 2465 (2007) (a district court may consider arguments that "the Guidelines sentence itself fails properly to reflect §3553(a) considerations, or [that] the case warrants a different sentence regardless.")

Other statutes also give the district court direction in sentencing. Under 18 U.S.C. §3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to recognize that imprisonment is *not* an appropriate means of promoting correction and rehabilitation (emphasis added). In sum, in every case, a sentencing court must consider *all* of the § 3553(a) factors, not just the

3

guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing.

## Nature and Circumstances of the Offense

Mr. Awwad pled guilty to a criminal information charging him with one count of Attempted Espionage in violation of 18 U.S.C. § 794(a). The facts and circumstances of this offense are fully set forth in Paragraph 8 of the Pre-Sentence Report and Mr. Awwad agrees that they are accurate. It is important to note, however, that while Mr. Awwad admits that he made the statements attributed to him, the vast majority of what he told the undercover agent was pure fabrication. Mr. Awwad boasted, exaggerated, and outright lied in an effort to make his information seem much more valuable, and to make his access to information appear much broader than it was in reality. It is also important to note, that while access to the documents passed by Mr. Awwad was restricted, none of the documents he provided to the undercover agent were actually classified material.

## History and Characteristics of Mr. Awwad

Mr. Awwad comes from a family of educated professionals, none of whom have a criminal record. Mr. Awwad himself has absolutely no criminal record and no prior brushes with the law. Growing up, Mr. Awwad was well-mannered and focused on his studies. He was a good student who applied himself and who worked hard to be a success. Mr. Awwad spent years fulfilling his dream of becoming an engineer and by all accounts, he was capable, well-liked, and dependable. Obviously, as a result of this crime, Mr. Awwad has destroyed his career, perhaps irreparably so.

4

In addition to the loss of his career and livelihood, Mr. Awwad and his family have suffered embarrassment and ridicule.   The family, friends, and associates who know Mr. Awwad the best, however, know that although his conduct was reprehensible, it was not in line with his true character. This Court has the benefit of numerous letters written on Mr. Awwad's behalf, which detail his true character and paint a picture of Mr. Awwad as a whole person and not just the crime he committed.

In considering Mr. Awwad's character, this Court must also consider the actions that he has taken since his arrest.  Mr. Awwad took responsibility for his actions and pled guilty, negating the need for the government to prepare for a lengthy and costly trial. Mr. Awwad also remains fully committed to cooperating with the government and fulfilling the terms of his plea agreement.

Mr. Awwad realizes that the attributes described above, while commendable, cannot make up for his criminal conduct and he understands that he will not avoid serious punishment.  Mr. Awwad has expressed many times how deeply concerned he is about how his incarceration will affect his family, especially his wife and two young children. He is devastated at the prospect that his children will spend their childhood without their father.  He is likewise deeply ashamed that his wife will have to support their family on her own while he is locked up in prison.

Mr. Awwad has expressed heartfelt regret for the pain his actions have caused his family and all of the people who trusted him and who relied on him.  He simply asks that the Court consider all of these mitigating factors when crafting its sentence.

### The Need for the Sentence Imposed to Reflect the Seriousness of the Offense Promote Respect for the Law, to Provide Just Punishment and to Afford Adequate Deterrence to Criminal Conduct

Mr. Awwad certainly understands the gravity of this offense and the far-reaching harm that could have resulted from his actions.  Obviously, for a man of Mr. Awwad's background and education, the fact of the felony conviction in and of itself signifies a significant punishment.   As a result of the nature of this crime and conviction, it is very likely that Mr. Awwad will never again work in his chosen profession. He will always carry with him the stigma of being a convicted felon who betrayed his country.  In addition to the loss of his reputation and good name, Mr. Awwad has devastated his family financially.   In this case, the felony conviction itself promotes respect for the law and reflects the seriousness of the offense.  The felony conviction also affords significant deterrence to future criminal conduct.

Similarly, Mr. Awwad's personal characteristics all signify that he is a very low risk ever again engage in any type of criminal conduct.  Mr. Awwad is a non-violent, first-time offender who has demonstrated significant remorse and acceptance of responsibility.  In addition, Mr. Awwad is well-educated, has a long history of gainful employment, and has a very substantial family support system.

Mr. Awwad knows that whatever the period of incarceration imposed on him, that it will have a significant impact on his relationship with his family.  He will not be around during critical years in his children's lives and his wife will be on her own to raise two small children.  Further, Mr. Awwad's parents, siblings and extended family all live in Egypt rendering any contact with them, much less visitation, a near impossibility.

6

All of these factors signify that there is virtually no likelihood that Mr. Awwad will reoffend or violate the terms of his release.  In this case, a sentence of 96 months is a just punishment and is more than sufficient to deter future unlawful conduct.

### The Need to Provide Mr. Awwad with Educational or Vocational Training, Medical Care, or Other Correctional Treatment

Mr. Awwad intends to take full advantage of any available educational and employment opportunities while incarcerated.  He hopes that his training as an electrical engineer will be of some benefit to the Bureau of Prisons and that he has the opportunity to mentor other prisoners in their educational endeavors.

### The Sentencing Range Established for the Offense

By agreement of the parties, the sentencing range in this case is restricted, pursuant to Rule 11(c)(1)(C), to 96-132 months.   Even the low end of this range represents a sentence much greater than necessary to meet the mandates of § 3553. For these reasons, Mr. Awwad asks that the Court fashion a sentence of 96 months.

### CONCLUSION

For the reasons set forth above, the Defendant, Mostafa Ahmed Awwad, by counsel, respectfully submits that a sentence of 96 months will accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553.

Respectfully submitted,

MOSTAFA AHMED AWWAD
By Counsel

_____/s/_____
James O. Broccoletti, Esquire
VSB# 17869
Counsel for Mostafa Ahmed Awwad

7

ZOBY & BROCCOLETTI, P.C.
6663 Stoney Point South
Norfolk, VA 23502
(757) 466-0750
(757) 466-5026
james@zobybroccoletti.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of October, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Benjamin L. Hatch, Esquire
Managing Assistant U. S. Attorney
*Office of the United States Attorney*
101 W. Main Street
Suite 8000
Norfolk, VA 23510

_____/s/_____
James O. Broccoletti, Esquire
VSB# 17869
Counsel for Mostafa Ahmed Awwad
ZOBY & BROCCOLETTI, P.C.
6663 Stoney Point South
Norfolk, VA 23502
(757) 466-0750
(757) 466-5026
james@zobybroccoletti.com

I hereby certify that on the 8th day of October, 2015, I caused a true and correct copy of the foregoing Motion to be mailed to the following non-filing user:

Jeffrey A. Noll
Senior U.S. Probation Officer
827 Diligence Drive, Suite 210
Newport News, VA 23606

_____/s/_____
James O. Broccoletti, Esquire
VSB# 17869
Counsel for Mostafa Ahmed Awwad

8

ZOBY & BROCCOLETTI, P.C.
6663 Stoney Point South
Norfolk, VA 23502
(757) 466-0750
(757) 466-5026
james@zobybroccoletti.com