UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MOSTAFA AHMED AWWAD,

    Petitioner,

                                **CIVIL ACTION NO. 2:16cv643**
v.                  **[ORIGINAL CRIMINAL NO. 2:14cr163]**

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM FINAL ORDER

This matter comes before the court on the Petitioner's <u>pro se</u> "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" ("§ 2255 Motion"), filed on October 18, 2016. ECF No. 75.[1] The § 2255 Motion was filed subject to defect because it was missing two of the three pages in the Petitioner's "Affidavit of Mailing," and because the Affidavit of Mailing was not signed. <u>See</u> Striking Order of November 3, 2016, ECF No. 79. The Petitioner corrected the defect on November 15, 2016, by submitting the signed Affidavit of Mailing in full. ECF No. 81, at 8-10.

Also before the court is the Petitioner's Request to Proceed in Forma Pauperis, filed on October 18, 2016, ECF

---

[1] The court accepts the § 2255 Motion as effectively filed on the date the Petitioner certifies he placed it in the prison's internal mailing system, which is October 18, 2016. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 270-72 (1988) (articulating the "prison mailbox rule").

No. 77, and the Petitioner's "Motion to Take Judicial Notice," filed on November 9, 2016. ECF No. 82. The Petitioner also filed a "Supplement to Motion to Vacate Under 28 U.S.C. § 2255 Pursuant to Fed. R. Civ. P. 15(d)" ("Supplement"), on December 5, 2016. ECF No. 86.

## I. PROCEDURAL HISTORY

On June 15, 2015, the Petitioner pled guilty to Count One of the Criminal Information. Count One charged him with Attempted Espionage, in violation of 18 U.S.C. § 794(a). On October 19, 2015, having adjudged the Petitioner guilty, the court sentenced him to one hundred thirty-two (132) months imprisonment. ECF No. 49.[2] The Petitioner did not appeal his sentence or conviction.

On July 30, 2016, the Petitioner filed a pro se "Initial Application for Writs in the Nature of Quo Warranto and Habeas Corpus" ("Initial Application"), ECF No. 52, which the court dismissed on August 12, 2016. ECF No. 53. On August 23, 2016, the Petitioner appealed this Order. ECF No. 54. That same day, the Petitioner filed a pro se "Final Notice and Demand for Proof of Appointment and Designation." ECF No. 58. In the Order of August 31, 2016, the court construed this filing as a Motion for Specific Performance, and denied it. ECF No. 60.

---

[2] At that time, the presiding district court judge was the Honorable Raymond A. Jackson of the Eastern District of Virginia.

2

On September 28, 2016, the Petitioner filed a pro se "Amended Application for Writs in the Nature of Quo Warranto and Habeas Corpus" ("Amended Application"), ECF No. 63, with an accompanying Affidavit. ECF No. 64. On October 6, 2016, the Petitioner filed an "Affidavit of Bias," ECF No. 66, as well as a "Petition for Writ of Mandamus Compelling Unsealing of Court Records," ECF No. 67, addressed to the Fourth Circuit. On October 18, 2016, the case was transferred to the undersigned. That same day, the court denied the Petitioner's Amended Application. ECF No. 71.

On October 31, 2016, upon motion by the Petitioner, the Fourth Circuit granted the Petitioner's voluntary dismissal of his appeal of this court's August 12, 2016, Order. ECF Nos. 72, 73. On the same day, this court received the Petitioner's "Motion to Withdrawal" ("Motion to Withdraw"), ECF No. 74, moving this court to withdraw the Petitioner's Notice of Appeal, ECF No. 54, and Amended Application, ECF No. 63. On November 3, 2016, the Motion to Withdraw was denied as moot. ECF No. 78.

## II. STANDARD OF REVIEW

A prisoner may challenge a sentence imposed by a federal court, if (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory

3

maximum; or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A sentence is "otherwise subject to collateral attack," if a petitioner shows that the proceedings suffered from "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962) (internal quotation marks omitted)).

The petitioner bears the burden of proving one of those grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). If he satisfies that burden, the court may vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(b). However, if the motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

#### A. Request to Proceed in Forma Pauperis

No filing fee is required for a motion under 28 U.S.C. § 2255. See Adv. Comm. Notes to Rule 3, Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules"). Accordingly, the Request to Proceed in Forma Pauperis is **DENIED AS MOOT**.

4

## B. § 2255 Motion

In the § 2255 Motion, the Petitioner raises six (6) grounds for relief. Ground One argues that because the United States lacked standing to prosecute the Petitioner, "the court was without jurisdiction to render judgment." § 2255 Mot. at 4. Ground Two challenges the Indictment and Criminal Information as "flawed" and "invalid." Id. at 5. Ground Three alleges a "misapplication of the statute" of conviction. Id. at 6. Ground Four argues the defense of duress regarding the offense of conviction. Id. at 7-8. Ground Five alleges judicial misconduct by the Honorable Raymond A. Jackson. Id. at 9. Finally, Ground Six alleges that the Petitioner's trial counsel rendered ineffective assistance of counsel, specifically citing "cultural and/or racial bias of counsel leading to not knowingly, intelligently, and voluntarily entering a plea agreement." Id. at 10.

### i. Grounds One through Five

As a preliminary matter, Grounds One through Five are subject to dismissal for procedural default. "Once the defendant's chance to appeal has been waived or exhausted," the court is "entitled to presume he stands fairly and finally convicted." United States v. Frady, 456 U.S. 152, 164 (1982). To bring claims asserting trial errors, of fact or law, that were not brought on direct appeal, a petitioner "must show cause and

5

actual prejudice resulting from the errors of which he complains or . . . that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing Frady, 456 U.S. at 167-68). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Mikalajunas, 186 F.3d at 493. "[T]o demonstrate a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." Id.

The Petitioner could have raised Grounds One through Five on direct appeal. His arguments asserting the lack of standing by the United States (Ground One), the flaws or invalidity of the Criminal Indictment and Information (Ground Two), the misapplication of the statute of conviction (Ground Three), the defense of duress regarding the offense itself (Ground Four), and judicial misconduct (Ground Five) are based on facts and legal precedent available to counsel at trial, and to the Petitioner during the time of direct appeal. In the § 2255 Motion, the Petitioner does not demonstrate cause for, or actual prejudice resulting from, procedural default on Grounds One through Five; nor does he show that a miscarriage of justice

would result from the court's refusal to entertain them. Accordingly, Grounds One through Five are procedurally defaulted, as they are plainly without merit. No prejudice or miscarriage of justice is, or can be, shown.

To begin, Ground One's argument that the United States lacks standing to enforce its own criminal laws in federal court is absurd. "As sovereign, the United States has standing to prosecute violations of valid criminal statutes." United States v. Daniels, 48 F. App'x 409, 418 (3d Cir. 2002). Accordingly, the Petitioner is not entitled to relief on Ground One.

Ground Two asserts that the Indictment was "flawed because on[e] can not attempt to commit the prohibited act as the word 'attempt' is not in 22 USC § 2778, and because there is no general [f]ederal attempt statute." § 2255 Mot. at 5. It also asserts that "[t]he Criminal Information is flawed because the government did not establish beyond a reasonable doubt all elements necessary to charge Defendant with [v]iolation of 18 USC § 794(a)." Id. Furthermore, Ground Two repeats the standing argument advanced in Ground One. See id.

All of these arguments lack merit. The Petitioner pled guilty to the Criminal Information, not the Indictment, see Plea Agreement, ECF No. 34, at 1, and explicitly waived prosecution by indictment. Waiver of Indictment, ECF No. 33, at 1. Therefore, any challenge to the Indictment has no bearing on the

Petitioner's conviction and sentence. Meanwhile, the Criminal Information conformed with the requirements of Federal Rule of Criminal Procedure 7(c)(1) (providing the necessary contents of an indictment or information), and the Petitioner has failed to show otherwise. Additionally, having pled guilty to the offense, the Petitioner has waived his argument regarding establishment of its elements. See United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) ("A knowing, voluntary, and intelligent guilty plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction."); Plea Agreement, ECF No. 34, at 2 ("The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt."). Finally, as stated above, the United States has standing to enforce its own criminal laws in federal court. For these reasons, the Petitioner is not entitled to relief on Ground Two.

Ground Three repeats Ground Two's allegations regarding the Indictment and Criminal Information, § 2255 Mot. at 6, which are meritless for the reasons stated above. Ground Three then states that the information the Petitioner pled guilty to delivering, in violation of 18 U.S.C. § 794, "was not classified," and that the Petitioner cannot be guilty of the crime because "the Federal Bureau of Investigation is not a foreign government."

8

Id. Both arguments lack merit, but the court need not address them because they challenge the elements of the offense and the facts supporting conviction, and the Petitioner has pled guilty. See Willis, 992 F.2d at 490; Plea Agreement, ECF No. 34, at 2. Accordingly, the Petitioner is not entitled to relief on Ground Three.

Ground Four fails for the same reason. Here, the Petitioner alleges the defense of duress regarding the offense itself, stating that he committed it because he "reasonably believed his family in Egypt was under the threat of imminent death or serious harm based upon statements made to him by individuals at the Egyptian Embassy in Washington, D.C." § 2255 Mot. at 7; see Mem. Supp. at 13-16. Because this argument relates to the factual merits of the charge, the Petitioner's guilty plea has waived the claim. See Willis, 992 F.2d at 490; Plea Agreement, ECF No. 34, at 2. Accordingly, the Petitioner is not entitled to relief on Ground Four.

Ground Five alleges judicial misconduct by Judge Jackson for committing "due process violations when he dismissed Defendant's Quo Warranto," for "violat[ing] the Federal Crop Insurance Standard," for "misconstru[ing] Defendants' Writ of Quo Warranto under Castro," and for violation of 28 U.S.C. § 455, which provides grounds for judicial disqualification. § 2255 Mot. at 9. The Petitioner further argues that his due

process rights were violated because Judge Jackson ruled on his Writ of Quo Warranto and Habeas Corpus, ECF No. 52, when that pleading challenged the authority of Judge Jackson himself. Mem. Supp. at 17. The Petitioner makes a similar argument that Judge Jackson should have recused under 28 U.S.C. § 455(a) and (b)(1) due to personal bias stemming from the Petitioner's filings. See id. at 19.

These arguments are meritless. The court properly dismissed the Petitioner's Writ of Quo Warranto and Habeas Corpus, ECF No. 52, because the Petitioner, as a private individual, lacked standing to bring a writ of quo warranto, and there was no assertion of a claim for relief under 28 U.S.C. § 2255. See Order of August 12, 2016, ECF No. 53.[3] Moreover, there is no indication whatsoever that Judge Jackson had any personal bias that required him to recuse. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or

---

[3]     The Petitioner's argument that the court improperly construed his pleading under Castro v. United States, 540 U.S. 375 (2003) is irrelevant, because the court did not recharacterize the pleading. See Order of August 12, 2016, ECF No. 53. Meanwhile, the Petitioner's invocation of the standard in Fed. Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384 (1947) is also irrelevant, as that standard relates to ascertaining the scope of a government agent's authority for the purpose of government contracting. See Merrill, 332 U.S. at 384.

partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994). Nothing in the record, and nothing raised by the § 2255 Motion, reveals any such deep-seated favoritism or antagonism on the part of Judge Jackson, and there was no reason for him to recuse from the proceeding. Accordingly, the Petitioner is not entitled to relief on Ground Five.

For the reasons above, Grounds One through Five of the Petitioner's § 2255 Motion are **DENIED** and **DISMISSED**.

### ii. Ground Six

Ground Six alleges ineffective assistance of trial counsel. The Petitioner "asserts that Movant's counsel . . . used Movant's culture and/or racial bias to get Movant to enter into the plea agreement in the instant case," and that "[t]he plea agreement was not knowingly, intelligently, and voluntarily entered into as a result of counsel's bias." Mem. Supp. at 20. More specifically, the Petitioner argues that trial counsel used the Petitioner's cultural and religious background, as a devout Muslim of Egyptian origin, against the Petitioner. <u>Id.</u> at 20-21. The Petitioner asserts that he "comes from a very patriarchal and authoritarian culture," that his father "ordered him to trust and obey" trial counsel, and that trial counsel "knew of this order and used it against" the Petitioner. <u>Id.</u> at 21.

Overall, the Petitioner argues that, due to this order from his father, trial counsel "ignored potential defense[s]," such as those listed in Grounds One through Five of the instant § 2255 Motion, "and instead used Movant's culture to induce Movant into taking a plea agreement." Id.

To successfully claim ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, that (1) the attorney's performance was seriously deficient; and (2) such deficient performance prejudiced the petitioner by undermining the reliability of the judgment against him. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The same two-prong standard applies when there is a claim of ineffective assistance of counsel arising out of a guilty plea. See Hill v. Lockhart, 474 U.S. 52, 57-58 (1985).

Here, the Petitioner has failed to make the required showing. Beyond providing his own conclusory statements, the Petitioner fails to show that his trial counsel was racially or culturally biased; that the Petitioner's father ordered the Petitioner to plead guilty in the instant case; or that the Petitioner's trial counsel was aware of such an order, and either adhered to the order himself or permitted the Petitioner to do so when making his guilty plea. "[W]hen a defendant making a guilty plea is represented by counsel . . . , his plea is strongly presumed to be valid in a subsequent habeas

proceeding." <u>Savino v. Murray</u>, 82 F.3d 593, 603 (4th Cir. 1996). The Petitioner's § 2255 Motion has done nothing to undermine this court's confidence in counsel's representation of the Petitioner in pleading guilty, and therefore has not shown deficient performance of counsel under <u>Strickland</u>. Accordingly, Ground Six of the Petitioner's § 2255 Motion is **DENIED** and **DISMISSED**.

### C. Motion to Take Judicial Notice

In the Motion to Take Judicial Notice, the Petitioner moves the court "to take judicial notice p[u]rsuant to the Federal Rules of Evidence (F.R.E.) 201, of facts and law established that the Department of Justice and the Federal Bureau of Prisons are confining the Petitioner illegally." ECF No. 82, at 4. The Petitioner then provides a litany of cases and statutes in an effort to make a collateral attack on his conviction and sentence, addressing, for the most part, the same claims as those raised in the § 2255 Motion. The Petitioner also raises some additional claims. As such, the court **CONSTRUES** the Motion to Take Judicial Notice as a motion seeking to amend the Petitioner's § 2255 Motion.

The Section 2255 Rules "do not specify a procedure for amending motions," and "[t]herefore courts have typically applied Federal Rule of Civil Procedure 15 to the amendment of a § 2255 motion." <u>United States v. Pittman</u>, 209 F.3d 314, 317 (4th

Cir. 2000). "A party may amend its pleading once as a matter of course within 21 days after serving it," Fed. R. Civ. P. 15(a)(1)(A), but "[i]n all other cases, a party may amend its pleading only with . . . the court's leave," which should be given "freely . . . when justice so requires." Id. 15(a)(2). The § 2255 Motion was certified as mailed, and therefore filed, on October 18, 2016. See supra note 1. The twenty-first day after this filing date was November 8, 2016. However, the Motion to Take Judicial Notice was certified as mailed, and therefore filed, on November 9, 2016. See Petitioner's Affidavit of Mailing, ECF No. 82, at 1. Accordingly, under Rule 15(a)(1), the Petitioner was required to seek leave of this court to amend the § 2255 Motion. Because the Petitioner has not done so, the court now considers whether to grant such leave.

"A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 769 (4th Cir. 2016) (quoting Equal Rights Center v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010)). In this case, permitting leave to amend the § 2255 Motion would be futile. The Motion to Take Judicial Notice is a voluminous filing that asserts support from numerous legal sources that are largely irrelevant to, and have no bearing on, the Petitioner's claims

in his § 2255 Motion. The remainder of the Motion to Take Judicial Notice repeats the claims in his § 2255 Motion, which this court has concluded are procedurally defaulted and meritless. See supra Part III.B.[4]

Leave to amend would also be futile due to untimeliness. See Pittman, 209 F.3d at 317 ("Where the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied."). Any new claims raised in the Motion to Take Judicial Notice would have to meet the timeliness requirements of 28 U.S.C. § 2255(f). As this court has previously advised the Petitioner, his judgment became final on November 2, 2015, and 28 U.S.C. § 2255(f)(1) permits the filing of a motion under 28 U.S.C. § 2255 within one year of the date the judgment of conviction becomes final. See Order of November 29, 2016, ECF No. 84, at 2. Because the Motion to Take Judicial Notice was filed more than one year after the Petitioner's judgment became final, any new claims therein would be untimely under 28 U.S.C. § 2255(f)(1), unless they relate back to the timely claims of the original § 2255 Motion, or unless equitable tolling applies.[5]

---

[4] As the same claims have been found meritless, there is no "conjecture about the merits." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613-14 (4th Cir. 1980) (citation omitted).

[5] In "rare instances," a court may apply equitable tolling to overcome a statute of limitations. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d

"Relation back" may occur when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); see Pittman, 209 F.3d at 317. However, a new claim "does not relate back (and thereby escape [the] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005). Rather, the original and the amended claims must be "tied to a common core of operative facts" for relation back to occur. Id. at 664.

The new claims in the Motion to Take Judicial Notice do not relate back to the original § 2255 Motion. The Petitioner argues that the statutes giving the Federal Bureau of Prisoners authority to incarcerate him "are void ab initio," that "no imprisonment is possible" for him, and that he must be released immediately. Mot. to Take Jud. Notice at 30. The Petitioner also appears to argue that he is entitled to relief based on unspecified retaliation from government officials. See id. at 29. Neither claim is "tied to a common core of operative facts" with an original, timely claim. Mayle, 545 U.S. at 664.

---

238, 246 (4th Cir. 2003)). Here, the record does not indicate any circumstances that warrant equitable tolling.

Therefore, the new claims are untimely under 28 U.S.C. § 2255(f)(1).

These new claims are also untimely under the other limitations periods of 28 U.S.C. § 2255(f). The Petitioner alleges no unlawful governmental action that prevented him from filing the Motion to Take Judicial Notice, making 28 U.S.C. § 2255(f)(2) inapposite, and the new claims do not rely on a new rule of constitutional law made retroactive upon collateral review by the Supreme Court, pursuant to 28 U.S.C. § 2255(f)(3). Finally, the Motion to Take Judicial Notice provides no evidence of newly discovered facts that warrant the application of 28 U.S.C. § 2255(f)(4). Accordingly, because the limitations periods of 28 U.S.C. § 2255(f) would bar its new claims, the Motion to Take Judicial Notice would be a futile amendment in that respect.

In addition, these new claims are plainly frivolous, and leave to amend may be denied "when the proposed amendment is . . . frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986) (citing Davis, 615 F.2d at 613). The Petitioner's argument that the Federal Bureau of Prisons has no authority to imprison those convicted of federal crimes is patently unreasonable, and there is not a hint of support for the Petitioner's vague claim of retaliation by government officials. Accordingly, both to the extent that the new claims

17

are barred by the limitations periods of 28 U.S.C. § 2255(f), and to the extent that they are frivolous, leave to amend the § 2255 Motion to incorporate the new claims would be futile. Therefore, the Motion to Take Judicial Notice is **DENIED** and **DISMISSED**.

### D. Supplement to the § 2255 Motion

Like the Motion to Take Judicial Notice, addressed supra Part III.C, the Petitioner's Supplement was filed without leave of this court to amend the § 2255 Motion, as required under Federal Rule of Civil Procedure 15(a)(1)(B). The Petitioner invokes Federal Rule of Civil Procedure 15(d) as the basis for his filing. Supplement at 4. Rule 15(d) provides, in relevant part, that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added). Although the Petitioner claims that the Supplement is based on "new facts and evidence that have occurred since the filing of the original motion," Supplement at 4, that is not so. All of the claims in the Supplement arose long before October 18, 2016. Therefore, despite the Petitioner's styling of the pleading, Rule 15(d) is inapplicable to the Supplement.

18

Instead, like the Motion to Take Judicial Notice, the Supplement is subject to Federal Rule of Civil Procedure 15(a). Because the Supplement was filed on December 5, 2016, while the § 2255 Motion was filed on October 18, 2016, the Supplement was filed well beyond twenty-one (21) days after the pleading the Petitioner seeks to amend, and the Petitioner was therefore required to seek this court's leave to have it considered. See Fed. R. Civ. P. 15(a)(1)(B). Once again, the court's consent to amend should be given "freely . . . when justice so requires." Id. 15(a)(2). However, as previously stated, see supra Part III.C, "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." Simmons, 634 F.3d at 769 (quoting Equal Rights Ctr., 602 F.3d at 603).

The defects that rendered the Motion to Take Judicial Notice untimely and frivolous, and therefore futile, also doom the Supplement. Because the Supplement was filed more than one year after the Petitioner's judgment became final, its new claims would be untimely under 28 U.S.C. § 2255(f)(1)-(4), unless they relate back to the original, timely claims of the § 2255 Motion. See Fed. R. Civ. P. 15(c)(1)(B); Pittman, 209

F.3d at 317.[6] No new claims in the Supplement, however, relate back to the original, timely § 2255 claims.

In the Supplement, the Petitioner raises a new claim of judicial misconduct against the Honorable Lawrence R. Leonard, the United States Magistrate Judge assigned to his case. See Supplement at 7-8, 10-12. The Petitioner also raises a new claim of "prosecutorial misconduct," see id. at 14-19, 25-28, and repeats the same new, untimely, and frivolous claim regarding the authority of the Federal Bureau of Prisons as raised in the Motion to Take Judicial Notice. See id. at 29. These new claims in the Supplement do not relate back to the original § 2255 Motion. See supra Part III.C. The § 2255 Motion alleged judicial misconduct against Judge Jackson, not Judge Leonard, and it did not raise any claim related to prosecutorial misconduct or the invalidity of the statutes providing for the Petitioner's incarceration. Therefore, if the court granted leave for the Supplement to be filed as an amendment to the § 2255 Motion, such new claims would be untimely under 28 U.S.C. § 2255(f)(1). Moreover, such new claims would also be untimely under the other provisions of 28 U.S.C. § 2255(f), as outlined supra Part III.C. Finally, leave to amend would be futile because these new claims are plainly frivolous, see Oroweat, 785 F.2d at 510, and,

---

[6] No circumstances here warrant the application of equitable tolling. See supra note 5.

to the extent the Supplement addresses the claims in the § 2255 Motion, this court has already concluded that those claims are procedurally defaulted and meritless. See supra Parts III.B, C. Accordingly, the Supplement is **DENIED** and **DISMISSED**.

### IV. CONCLUSION

For the reasons above, the Request to Proceed in Forma Pauperis is **DENIED AS MOOT**; the § 2255 Motion is **DENIED** and **DISMISSED**; the Motion to Take Judicial Notice is **DENIED** and **DISMISSED**; and the Supplement is **DENIED** and **DISMISSED**.

The Petitioner is **ADVISED** that he may appeal from this Memorandum Final Order by forwarding, within sixty (60) days of the entry date of this Memorandum Final Order, a written notice of appeal to the Clerk of the United States District Court at 600 Granby Street, Norfolk, Virginia 23510. The court declines to issue a certificate of appealability for the reasons stated herein.

The Clerk is **DIRECTED** to send a copy of this Memorandum Final Order to the Petitioner and the United States Attorney at Norfolk.

IT IS SO ORDERED.

/s/
Rebecca Beach Smith
Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

December 30, 2016

21